IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 00-20763

Summary Calendar

———————————————

AL SEYMOUR, Individually, and as Heirs, Representatives and/or
Beneficiaries of the Estate of Sheryl Sue Seymour; PEGGY SEYMOUR,
Individually, and as Heirs, Representatives and/or Beneficiaries of
the Estate of Sheryl Sue Seymour,

　　　　Plaintiffs-Appellees,

　　　　　　　　　　versus

CITY OF HOUSTON; ET AL,

　　　　Defendants,

J G LOPEZ,

　　　　Defendant-Appellant.

———————————————

Appeal from the United States District Court
For the Southern District of Texas
H-99-CV-2198

———————————————

April 18, 2001

Before HIGGINBOTHAM, WIENER, and BARSKDALE, Circuit Judges.

PER CURIAM:[*]

　　　Officer J.G. Lopez appeals the district court's denial of his

motion for summary judgment on qualified immunity grounds. We find

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his arguments unpersuasive and determine that we lack jurisdiction to decide this matter.

The district court relied on three factual disputes that were material to the reasonableness inquiry.[1] The district court noted that Sheryl Sue Seymour was five feet tall and weighed only 105 pounds, raising questions as to the seriousness of the threat she posed to the three officers. In fact, one of the paramedics asserted that he defended himself with a metal clipboard and never perceived himself to be in any real danger. The district court also determined that a fact question existed regarding whether the officers could have retreated further, as well as whether Lopez knew of the decedent's mental condition. We have no jurisdiction to determine the merits of these factual disputes on appeal.[2]

We therefore DISMISS the instant appeal for want of jurisdiction.

---

[1] *See Bazan v. Hidalgo County*, No. 97-41463, 2001 WL 293516, at *8 (5th Cir. Mar. 27, 2001) (stating that an appellate court has jurisdiction over interlocutory appeals from qualified immunity rulings where a party challenges the materiality of the factual issues, and not where the genuineness of the factual issues is challenged).

[2] *See Johnson v. Jones*, 515 U.S. 304 (1995).